UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLYN BINNS,
    Plaintiff,

-vs.-　　　　　　　　　　　　　　　　**DEMAND FOR JURY TRIAL**

NCO FINANCIAL SYSTEMS, INC.,
A Pennsylvania corporation,
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

3. The Defendant to this lawsuit is NCO Financial Systems, Inc. which is a Pennsylvania company that maintains registered offices in Oakland County.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Wayne County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff in regards to a private student loan in the amount of about $15,000.00. Plaintiff was a co-signer on this account for her granddaughter.

7. Defendant, through its representative, David Blackwell, has been calling Plaintiff.

8. Mr. Blackwell started calling Plaintiff sometime during the week of March 4, 2013. He has been calling Plaintiff from 877-315-1990 extension 85558.

9. On or about March 13, 2013, Mr. Blackwell called Plaintiff attempting to collect this alleged debt. Defendant first offered to settle the debt for $11,000. Plaintiff told Defendant that she could not afford that amount. Mr. Blackwell then said that he needed $1,500 to start a payment arrangement and Plaintiff said she could not afford that amount either. Mr. Blackwell told Plaintiff that if she did not call him back by March 28, 2013, then he would "proceed with the State of Michigan, ruin your credit, and begin garnishment." Mr. Blackwell also told Plaintiff that they would file a lawsuit by March 28, 2013 if she did not call them back.

10. To date, Defendant has not filed a lawsuit against Plaintiff nor have they garnished her wages.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff reincorporates the preceding allegations by reference.

12. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

13. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

14. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

15. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

16. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

17. Plaintiff incorporates the preceding allegations by reference.

18.  Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

19. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

20. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

21. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

22. These violations of the Michigan Occupational Code were willful.

### COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

23. Plaintiff incorporates the preceding allegations by reference.

24.  Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act  ("MCPA"), at MCL § 445.251.

25. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

26. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

27. Plaintiff has suffered damages as a result of these violations of the MCPA.

28. These violations of the MCPA were willful.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

### DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a.  Actual damages.

    b. Statutory damages.

    c. Treble damages.

    d. Statutory costs and attorney fees.

Respectfully submitted,

May 3, 2013
          /s/ Gary Nitzkin
          GARY D. NITZKIN  P41155
          TRAVIS SHACKELFORD P68710
          MICHIGAN CONSUMER CREDIT LAWYERS
          Attorneys for Plaintiff